# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In re:**

SARAH KATHERINE
JEAN BECKMAN,

**Debtor.**

**Bankruptcy Case No. 06-00039**

_____

**SUMMARY ORDER**

_____

On June 16, 2006, Debtor Sarah Beckman filed a motion to reopen her closed chapter 7[1] bankruptcy case pursuant § 350(b). According to the motion, the Clerk had closed the bankruptcy case without entry of a discharge because Debtor had not filed a certificate evidencing her completion of an approved financial management course as required by § 727(a)(11). In order to obtain her chapter 7 discharge, Debtor sought to reopen the bankruptcy case, file the certificate, and have a discharge entered.

The Clerk required Debtor's attorney to pay a $220 fee in order to electronically file the motion to reopen. *See* Receipt, Docket No. 19. On June 8,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

SUMMARY ORDER - 1

2006, the Court granted the motion to reopen the bankruptcy case. While Debtor has not requested it, after reviewing the record, the Court has determined that it is necessary and appropriate to carry out the provisions of the Bankruptcy Code, and in the interests of justice, to enter this summary order directing the Clerk to refund Debtor's $220 filing fee.[2]

## Background

Debtor filed for chapter 7 bankruptcy relief on January 24, 2006. Docket No. 1. Her bankruptcy case is therefore governed by the provisions of the recently-enacted Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005) (hereafter "BAPCPA"). Under § 727(a)(11), a provision added to the Code by BAPCPA, a debtor may not receive a discharge if she fails "to complete an instructional course concerning personal financial management . . . ." Interim Rule 1007(b)(7) of the Federal Rules of Bankruptcy Procedure requires an individual chapter 7 or 13 debtor to file a statement (in this District, referred to by the Clerk as a "certificate") evidencing the debtor's completion of such a course prepared as prescribed in the

---

[2] Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action mor making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

SUMMARY ORDER - 2

Official Forms.[3]  Interim Rule 1007(c) dictates that the debtor file the statement "within 45 days after the first date set for the meeting of the creditors under § 341 of the Code in a chapter 7 case[.]"

Debtor's § 341 meeting was held on February 23, 2006.  Docket No. 13.  On February 6, 2006, the Clerk made an informational entry on the docket in Debtor's bankruptcy case noting that Debtor's financial management course certificate would be due on April 10, 2006.  On April 12, 2006, the Clerk issued a cautionary notice, which was electronically transmitted to Debtor's attorney, warning that unless Debtor filed a financial management course certificate by May 12, 2006, the bankruptcy case may be closed without entry of a discharge.  Docket Nos. 15–16.  When no certificate was filed, on May 30, 2006, the Clerk closed the case without entering a discharge, indicating on the docket that "[i]f the debtor subsequently files a Motion to Reopen the Case to allow for the filing of the Financial Management Course Certificate, the debtor must pay the full filing fee due for such a motion."  Docket No. 17.

---

[3] This Court has adopted the Interim Rules for application to bankruptcy cases governed by BAPCPA.  *See* General Order 200 (October 14, 2005).

SUMMARY ORDER - 3

When Debtor filed the motion to reopen her bankruptcy case, the Clerk required payment of the filing fee.[4]

**Disposition**

Congress has instructed the federal courts to charge and collect fees for filing certain types of pleadings in bankruptcy cases. 28 U.S.C. § 1930(a). In addition to the congressionally mandated fees, the statute authorizes the Judicial Conference of the United States to "prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title." 28 U.S.C. § 1930(b). The Judicial Conference has accepted this invitation, and created an extensive list of filings that must be accompanied by payment of a fee in bankruptcy cases known as the Bankruptcy Court Miscellaneous Fee Guidelines. 28 U.S.C. app. § 1930. The Guidelines prescribe that a filing fee must be collected for filing a motion to reopen a bankruptcy case. However, that rule is not absolute:

---

[4] To be precise, the requirement that the filing fee be paid was enforced by operation of the Court's automated electronic filing system. All pleadings in bankruptcy cases filed by an attorney in this District must be submitted electronically. The Court's automated system, in turn, is programmed to require that a filing fee be paid (usually via credit card) to file a motion to reopen. To the Court, this approach is potentially inequitable and prejudicial. Under this system, Debtor's attorney presumably had no choice but to pay the reopening fee as a condition of filing the motion, even if no fee were required. The Court presumes the system may be modified to allow debtors and others to request relief from paying the fee where appropriate, as opposed to limiting those parties to requesting that a paid fee be refunded at a later date.

SUMMARY ORDER - 4

> For filing a motion to reopen a Bankruptcy Code case, a fee shall be collected in the same amount as the filing fee prescribed by 28 U.S.C. § 1930(a) for commencing a new case on the date of reopening, *unless the reopening is* to correct an administrative error or *for actions related to the debtor's discharge*. The court may waive this fee under appropriate circumstances or may defer payment of the fee from trustees pending discovery of additional assets. If payment is deferred, the fee shall be waived if no additional assets are discovered.

28 U.S.C. app. § 1930(11) (emphasis added). After a review of the record in this case, the Court became concerned that the Clerk had not appropriately applied the Guidelines, since reopening of Debtor's case to file the financial management certificate so that a discharge could be granted may be considered "related to" Debtor's discharge, thus excepting Debtor from paying the filing fee.

There are no published decisions specifically analyzing when reopening a bankruptcy case should be deemed "related to" the debtor's discharge. In *In re Doty,* 129 B.R. 571 (Bankr. N.D. Ind. 1991), the bankruptcy court determined that no fee was required when the reopening was requested by a creditor so that it could file a motion to obtain a clarification of the treatment of its claim under a confirmed chapter 11 plan. In *In re Lanford*, 2004 WL 3155540 at *3 (Bankr. D. D.C. Sept. 1, 2004), the bankruptcy court ordered the clerk's office to refund the filing fee it had collected for reopening a case so the debtor could

SUMMARY ORDER - 5

Case 06-00039-JDP   Doc 24   Filed 06/27/06   Entered 06/27/06 13:46:09   Desc Main
Document      Page 6 of 8

pursue enforcement of the discharge injunction as against a creditor's collection activities. In another decision, the bankruptcy court concluded that a filing fee was required when the purpose of reopening was so the court could consider an attorney's fee application after a chapter 11 case was closed. *In re Havana '59, LTD*, 1998 WL 34342247 at *2 (Bankr. E.D. Va. Nov. 5, 1998).

One other bankruptcy court recently denied a debtor's request to delay closing a case without entry of a discharge until the debtor could attend a financial management course and file a statement that he had done so to receive a discharge. In its decision, the court noted that if the case were closed, it could be reopened on debtor's request to allow debtor to file the certificate and obtain a discharge. However, if that occurred, the court noted, "debtor must pay the reopening fee." *In re Martinez*, 2006 WL 681068 at *1 (Bankr. N.D. Iowa March 13, 2006). Unfortunately, however, the *Martinez* court did not address the application of 28 U.S.C. app. § 1930(11), nor the scope of the exception to payment of reopening fees in that provision.

The Guidelines provide that when a bankruptcy case is reopened "for actions related to the debtor's discharge" no fee shall be collected. 28 U.S.C. app. § 1930(11). The plain language of this rule is potentially broad in its scope,

SUMMARY ORDER - 6

since one of the fundamental debtor goals in the bulk of bankruptcy cases is, directly or indirectly, a desire to obtain a discharge.

In this case, the Court need not attempt to define the outer boundaries of the reopening fee payment exception in the Guidelines.  Here, Debtor's motion to reopen clearly indicated the sole and singular purpose of reopening the bankruptcy case was to file the certificate "to have the case discharged."  Mot. to Reopen, Docket No. 18.  Filing the certificate evidencing Debtor's completion of the financial management course was related to Debtor's discharge in the most direct sense because without it, Debtor could not (and did not) receive a discharge.  That a discharge was not entered in this case "but for" the filing of the certificate is evidenced by the fact that, immediately upon reopening of the bankruptcy case, Docket No. 20, a proper certificate was filed, Docket No. 21, and a discharge was entered.  Docket No. 22.  The Court therefore concludes that no filing fee was due under these circumstances.

The Court notes that, because the reopening was for a purpose directly related to Debtor's discharge, the Guidelines dictate that no fee be collected.  This is not a case where the Guidelines require a fee, but the Court is asked to find that "appropriate circumstances" exist to waive payment of that fee.  As a result, the Court need not, indeed should not, indulge in an analysis of

SUMMARY ORDER - 7

whether the closing of the bankruptcy case occurred as a result of Debtor's unjustified delay in obtaining and filing a certificate.[5]

This is also not a case that was closed as a result of any "administrative error;" the Clerk acted prudently and appropriately in closing the case only after providing Debtor with a specific notice of its intentions. Debtors should avoid this approach to obtaining a discharge, since inevitably, it will slow that process considerably, and potentially add to a debtor's expense if an attorney is engaged to obtain a reopening of a closed case.

Because Debtor's motion to reopen was related to Debtor's discharge, no filing fee was to be collected under the applicable fee schedule. As a result, **IT IS HEREBY ORDERED THAT** the Clerk refund the $220 fee collected from Debtor's attorney in connection with filing the motion to reopen.

Dated: June 27, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[5] Even if the reopening fee was discretionary, under these facts, the Court would be extremely reluctant to impose what amounts to a punitive fine in order that a debtor obtain the most important form of relief offered by the Code, a discharge of indebtedness. In the Court's opinion, that the debtor must bear the burden, financially and otherwise, of navigating the reopening process serves as a sufficient deterrent for dilatory conduct.

SUMMARY ORDER - 8